UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   DEC 18 2019
WILLIAM W. BLEVINS
CLERK
```

No. 2:17-CV-11674-NJB-DEK

J. D. THOMPSON III

VERSUS

TIM HOOPER, WARDEN

SUPPLEMENTAL BRIEF IN SUPPORT OF ORIGINAL
APPLICATION OF HABEAS CORPUS RELIEF
AND REQUEST TO LIFT STAY ORDER

TENDERED FOR FILING

DEC 18 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

J.D. Thompson III #106841
Elayn Hunt Correctional Center
6925 Hwy. 74
St. Gabriel, Louisiana 70776

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

1

2

## Table of Contents

Table of Contents.................................................................................................iii

Table of Authorities..............................................................................................iv

Jurisdiction............................................................................................................5

Statement of the Case............................................................................................5

Statement of the Facts...........................................................................................6

Summary of the Argument

    An adequate defense cannot be framed if defense counsel does not know what is likely to develop at trial...In criminal litigation, as in other matters, the information is the key guide to decisions and actions. The lawyer who is ignorant of the facts of the case cannot serve the client effectively. Here, defense counsel's failure to investigate prejudiced defendant....................................................................................................6

Applicable Law & Analysis...................................................................................6

Conclusion............................................................................................................11
Certificate.............................................................................................................12
Appendix..............................................................................................................13

# TABLE OF AUTHORITIES

Cone v. Bell, 556 U.S. 449, 472 (2009)............................................................................6, 7

Huber v. Liberty Mut. Ins. Co., 780 So.2d 551, 554 (La.App. 4 Cir. 2/7/01)....................7

Lee v. Kemna, 534 U.S. 362, 375 (2002)............................................................................7

Mercadel v Cain, 179 F.3d 271, 274-75 (5th Cir. 1999)......................................................6

Porter v. McCollum, 558 U.S. 30, 40, 130 S. Ct. 447, 175 L. Ed. 2d 398 (2009).........8, 9

Strickland v. Washington, 466 U.S. 668 (1984)...........................................................6, 8

United States v. Tucker, 716 F.2d 576, 538n. 16 (9th Cir. 1983).......................................11

Williams v. Taylor, 529 U.S. 362, 396, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)..........8


Constitution(s):

U.S. Const. Amends. 6 & 14....................................................................................6
LSA- Const. Article 1 §§ 19, 22................................................................................6

Other Material:

28 U.S.C. § 2254.................................................................................................5, 6

Uniform Rules – Courts of Appeal: Rule 4.5...............................................................7

The American Bar Association Standard 4-4.1; 4.3.................................................11,12

## JURISDICTION

Before the Court is a petition pursuant to 28 U.S.C. § 2254 for the Writ of Habeas Corpus by a person in State custody.

## STATEMENT OF THE CASE

On November 2, 2017, petitioner filed his original application for habeas corpus relief asserting three claims for relief, which questioned: 1) the sufficiency of the evdience; 2) double jeopardy; and 3) petitioner's right to present a defense.

On or about November ___, 2017, petitioner filed a *Motion to Stay* the § 2254 habeas proceeding for the purpose of exhausting a collateral claim of ineffective assistance of counsel in state-court.

On or about December ___, 2017, this Honorable Court granted petitioner's *Motion to Stay* allowing him to exhaust his state collateral claim of ineffective assistance of counsel.

On April 9, 2018, petitioner filed his application for post-conviction relief in the state court asserting his claim of ineffective assistance of counsel.

On August 22, 2018, the trial court denied petitioner relief.

Petitioner sought writs from the Louisiana Court of Appeal First Circuit; The writ was denied on December 10, 2018.

On October 1, 2019, the Supreme Court for the State of Louisiana *denied* petitioner a writ of certiorari. (See Judgment attached, p. 14)

TENDERED FOR FILING

DEC 18 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Petitioner now supplements his original application for habeas corpus relief with this brief *requesting that the previously granted stay order be lifted*, and asserting one claim of ineffective assistance of counsel.

## STATEMENT OF THE FACTS

Movant adopts the facts presented in his original application for habeas corpus relief as fully set-forth below.

## CLAIM I

The state-court determination to deny petitioner collateral relief is entitled to no deference [b]ecause the court provided no opined reason for its denial of movant's claim against defense counsel, who failed to thoroughly investigate eyewitness accounts of the victim threatening to accuse other men of sexual abuse. Counsel's truncated investigation violated movant's right to effective assistance and a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984); U.S. Const. Amends. 6 & 14; LSA- Const. article 1 §§ 19, 22.

## APPLICABLE LAW AND ANALYSIS

The state-court failed to consider petitioner's properly raised ineffective assistance of counsel claim. Therefore, because the state-court has [n]ot properly adjudicated the claim as required by AEDPA, the denial is [n]ot entitled to deference on federal habeas review. *Cone v. Bell*, 556 U.S. 449, 472 (2009); *Mercadel v Cain*, 179 F.3d 271, 274-75 (5th Cir. 1999); 28 USC 2254(d)(1).

Movant seeks the writ of habeas corpus from the denial of his quest for post-conviction relief from the State of Louisiana, where each court failed to make a determination of the facts associated with his issue. Particularly, the trial court denied

post-conviction relief without reasons. The Court of Appeal for the First Circuit of Louisiana was required to review the trial court summary judgment de novo. See *Huber v. Liberty Mut. Ins. Co.*, 2000-0679, p.5 (La.App. 4 Cir. 2/7/01) 780 So.2d 551, 554. Instead, the appellate court determined that Movant failed to include a copy of the bill of information and all pertinent minute entries, transcripts, and any portion of the district court record that might support the claims raised in the application for post conviction relief. (See attached, Judgment 2018-KW-1360). Movant respectfully submits to this Court that the *Uniformed Rules for Courts of Appeal 4-5* [d]o not require any of the information upon which the state-court based its denial. See *Uniform Rules – Courts of Appeal: Rule 4.5 - Contens of Application*.

Additionally, the state-court has [n]ot properly adjudicated the claim as required by AEDPA. Therefore, the denial is [n]ot entitled to deference on federal habeas review. In *Cone v. Bell*, the Court said, "we have an independent duty to scrutinize the application of state rules that bar our review of federal claims," the Court added, "we have no concomitant duty to apply state procedural bars where state courts have themselves declined to do so." *Id.* (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). *Id.* at 468-69. The Court pointed out that, "[b]ecause the Tennessee courts did not reach the merits of Cone's *Brady* claim, federal habeas review is not subject to the deferential standard that applies under AEDPA to 'any claim that was adjudicated on the merits in State court proceedings.' 28 U. S. C. §2254(d). Instead, the claim is reviewed

*de novo.*" 556 U.S. at 472.

In the instant case, Movant's claim qualifies for review de novo from the federal court where where 1) the state-court has [n]ot properly adjudicated the claim as required by AEDPA; 2) the state-court did not apply a procedural bar to movant's claim; and 3) the state-court did not reach the merits of movant's Strickland claim.

Where no physical evidence is at issue in this case, the prosecutions case-in-chief rested solely upon the credibility of the victim ("TM"). Therefore, Movant contends that counsel should have exercised a thorough investigation into eyewitness accounts of TM's history of threatening the male associates of her mother with allegations of sexual assault. Here, movant contends that counsel failed to perform a complete investigation into numerous accounts of what turned out to be false allegations against innocent men. Thus, denying movant the right to effective assistance of counsel and a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984).

The United States Supreme Court repeatedly has held that the failure to perform a mitigation investigation constitutes deficient performance. See, e.g., Williams v. Taylor, 529 U.S. 362, 396, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (finding deficiency where ``counsel did not fulfill their obligation to conduct a thorough investigation of the defendant's background"); Porter v. McCollum, 558 U.S. 30, 40, 130 S. Ct. 447, 175 L. Ed. 2d 398 (2009) (per curiam) (``The decision not to investigate did not reflect reasonable professional judgment").

In *Porter v McCollum*, during the sentencing phase of the inmate's trial, no evidence was presented concerning the inmate's heroic military service in horrific combat situations, his struggles to regain normality upon his return from war, his childhood history of physical abuse, and his brain abnormality, difficulty reading and writing, and limited schooling. The U.S. Supreme Court unanimously held that counsel's failure to uncover and present any evidence of the inmate's mental health or mental impairment, his family background, or his military service clearly constituted deficient performance of counsel, and that such deficient performance was prejudicial to the inmate. Id., 558 U.S. 30, 175 LED2D 398 (2009).

The instant case is distinguished from *Porter*. However, there is nothing about the facts of this case that calls for a different conclusion. Here, it was the investigation and discovery of the alleged victims childhood history of physical abuse, behavioral disorders, and struggles to find a since of normalcy in a not so normal living environment: an environment filled with cramped living spaces and seemingly turbulent relationships with men close to the family, i.e., her mother's male friends and subsequently, her grandmothers husband, which led TM to a place of mental psychosis that movant's defense attorney should have uncovered prior to trial. Movant contends counsels performance was deficient and led to his prejudice.

During the presentation of his case, defense counsel made half-hearted attempt to flesh-out evidence that TM threatened to tell police that three of her mother's male

9

friends sexually abused her. Any evidence that T.M. purported false allegations of sexual abuse against anyone is wholly relevant to the issue of her credibility.

The defense attempted to present testimony from Shirley Maire Warren that TM threatened to call police and tell them that three male acquiatances of her mother sexually assualted her. Implicit in Ms. Warren's testimony, which was [h]eard outside of the jury's presence, was the inference that TM's threat to call the police was stirred by a family disagreement that occurred after movant was arrested on these charges. This testimony was calculated to address concerns related to TM's credibility. However, defense counsel yielded to the judge's refusal to allow Ms. Warren an opportunity to testify in front of the jury. And, although, the defense was allowed to present other witness testimony to impeach TM's reputation for making-up untruths, Ms. Warren's impeachment evidence of false allegations of sexual abuse may have been enough to convince the jury [n]ot to convict. Especially, since the outcome of this case rested entirely upon the jury's perception of the victim's veracity.

Additionally, Mrs. Eleanore Sandifer made every effort to finish her testimony as she attempted to present evidence for the defense. Sandifer sought to explain why and how these allegations against movant came into being. Again, an unprepared defense counsel allowed the court to interrupt and dissuade Sandifer's testimony. Thus, keeping it out of the province the jury determination of guilt. The court prejudiced the defendant when it asked the witness to step down from the stand, particularly, upon Sandifer

asking the court, "Can I finish my conversation about--." The court responded, "No, you can only answer the questions that you're asked, you have to step down." Counsel was ineffective for not knowing where Sandifer was attempting to go with her testimony. Had counsel thoroghly interviewed this witness prior to trial, he would not have yeilded to the Court's truncation of this relevant testimony.

The trial court further disallowed questioning of two other witnesses in regards to similar accusations against TM's threat to call police and tell them that male aquaintances of her mother sexually assaulted her. In sum, the trial court abused its discretion in finding that the probative value of this evidence was outweighed by the risk of unfair prejudice to the prosecution. Here, Movant contends that a properly prepared defense counsel [h]aving done a thorough investigation, could have fended off any impediment from the trial court, by adversarially contending to present particular knowledge from these witnesses [o]n the one hand, while weilding a supervisory writ to the court of appeal seeking the admission of said testimony [o]n the other. Counsel was ill prepared to defend movant in this proceeding to his prejudice.

## CONCLUSION

The duty to investigate is part of a defendant's right to reasonably competent counsel. "The principle is so fundamental that the failure to conduct a reasonable pretrial investigation may itself amount to ineffective assistance of counsel." *United States v. Tucker*, 716 F.2d 576, 538n. 16 (9th Cir. 1983). The Americam Bar Association states the

duty as follows:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. (ABA Standard 4-4.1)

Moreover, The investigatory process should begin immediately on appearance as counsel for defendant. Id. In the commentary to 4.3, the following is stated:

> An adequate defense cannot be framed if the lawyer does not know what is likely to develop at trial...In criminal litigation, as in other matters, the information is the key guide to decisions and actions. The lawyer who is ignorant of the facts of the case cannot serve the clent effectively.

Defense counsel's failure to get probative evidence to the jury in a trial that hinged on credibility deprived movant of his right to effective counsel, and right to fair trial.

Respectfully submitted,

_J.D. Thompson III_ #106841
J.D. Thompson III #106841
Elayn Hunt Correctional Center
P.O. Box 174
St. Gabriel, Louisiana 70776

CERTIFICATE OF SERVICE

I hereby certify that the foregoing supplemental brief in support of my original application for habeas corpus relief has been handed to prison officials, postage prepaid for the purpose of forwarding to the Clerk for the United States District Court for the Eastern District, 500 Poydras St., New Orleans, Louisiana 70130; and the prosecution attorney of record. On this 13th day of December, 2019._____
12

MR. J.D. Thompson III #106841
Elayn Hunt Correctional Center
P.O. Box 174 [SNU]
St. Gabriel, LA 70776

C/13

LEGAL MAIL

Clerks Office
United States District Court
Eastern District of Louisiana
500 Poydras St.,
New Orleans, LA
70130



US POSTAGE >> PITNEY BOWES
ZIP 70776
02 4W
0000351506DEC 16 2019
$ 001.45°

