IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

J.D. Thompson, III  106841          CIVIL ACTION

VERSUS          CASE No. 17-11674

WARDEN Tim Hooper          SECTION: "G" (5)

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JAN 26 2022
CAROL L. MICHEL
CLERK

RE: MOTION TO ORDER RESPONDENTS TO COMPLY

MAY IT PLEASE THE COURT, comes pro-se petitioner J.D. Thompson III, who humbly move this Honorable Court to GRANT said motion to order for the following Reason(s):

[1]

Petitioner contends that on October 4, 2021, he filed into the United States District Court, Eastern District of Louisiana a Motion To Introduce of new filing for Review, pursuant to SENATE Bill No. 186 Act No. 104 Factual Innocence for post-conviction and Habeaus, H2 LAW. Petitioner give notice to this Honorable Court that his new filing of documents were also filed to the trial court and Warren L. Montgomery District Attorney/Matthew Caplan, Assistant District Attorney for the 22nd Judicial District, Parish of Washington, date filed 9-7-2021, for consideration and/or issuance. To this date there has been no reply to said application from the court or the State of Louisiana, even though the provisions required of the law provides such. Petitioner further contends that he has alledged within his filing provided documents seeking adequate relief, which, if established, would entitled him to relief, nor has petitioner to this date recieved any reply from the respondents as to the October 21, 2021 order from the United States District Court, Eastern District of Louisiana Section "G" granting petitioner's J.D. Thompson's motion for leave to file a supplemental objection to the Magistrate Judge's Report and Recommendation and filed into the record of the above captioned matter which has been electronically mailed to Matthew Caplan, Assistance District Attorney At mcaplan@22da.com by chief Judge NAnnette Jolivette Brown on 10-21-2021.

Petitioner further submit that Respondent has failed, neglected, and/or refused to take any action whatsoever and thus is depriving Relator/Petitioner of a fast and equitable remedy/relief. Petitioner and his supportive family are

[1]

Respectfully requesting this Honorable Court to the end that the Respondents be compelled to reply by taking action to remedy the relief sought, to exercise its authority when it is its duty to do so under these extraordinary situations as such, that the relief should be grant. Furthermore, the U.S. District Courts have original jurisdiction of any action in the nature to compel the Respondents of the United States thereof to perform a duty owed to the defendants/plaintiff.

- Duress of Imprisonment -

The wrongful imprisonment of a person, or the illegal restraint of his liberty, in order to compel him to do some act. 1 Bl. Comm. 130-131, 136, 137.

- "Prosecutorial Misconduct" - "Improper Conduct" -

In accordance with the rules under "Prosecutorial Misconduct", "Improper Conduct", it clearly states that the prosecutor's duty in a criminal prosecution is to seek justice. Therefore, the prosecutor should prosecute with "earnestness and vigor" but may not use "improper methods calculated to produce a wrongful conviction". Prosecutorial misconduct justifies reversing a conviction only where it so "infected the trial with unfairness as to make the resulting conviction a denial of due process. The law also mandate that to reverse a conviction, a claim of prosecutorial misconduct requires proof of improper conduct by the prosecutor that taken in the context of the trial as a whole, violated the defendant's due process rights.

The Rules under "Improper Conduct by the Prosecutor", it also clearly states that the prosecutor may not prosecute a defendant for vindictive reasons. See (Exhibit) victims notarized voluntary statement which states in part, my paw paw J.D. did not do anything wrong and the D.A. wanted me to push this matter on J.D. because he was hated. In addition, prosecutors may not knowingly present false testimony and have a duty to correct testimony they know to be false. Further, the prosecutor must disclose evidence favorable to the defendant if the defendant so requests. The Rules mandates that the prosecutor may not use staged testimony to attempt to introduce inadmissible evidence. See In re Winship, 397 U.S. 358, 364 (1970) (holding that the government must prove every fact necessary to constitute the crime "beyond a reasonable doubt"); the Winship beyond-a-reasonable doubt standard applies in both state and federal proceedings, see Sullivan v. LA., 508 U.S.

[2]

275, 278 (1993). The standard protects three interests. First, it protects the defendant's liberty interest. See Winship, 397 U.S. at 363. Second, it protects the defendant from the stigma of conviction. Id. Third, it encourages community confidence in criminal law by giving "concrete substance" to the presumption of innocence. Id. In his concurring opinion, Justice Harlan noted that the standard is founded on a fundamental value determination of our society that "it is far worse to convict an innocent man than to let a guilty man go free." At 372 Harlan, J., concurring).

For instance, the prosecution has the burden of production on every element of the offense charged. If the government fails to produce sufficient evidence for any element, thereby not bringing the fact into issue, the judge may direct a verdict in the defendant's favor, See generally LaFave, Criminal Law § 1.8 (5th ed. 2010); McCormick Evidence §§ 336-3767 (6th. Ed. 2006).

In Request, Directing the courts attention to the victim's notarized voluntary statement/affidavit, where she offer her support and assistance in stating that anything needed to be done please can [we] do so to set him free, it were also noted within her statement that my paw paw J.D. did not do anything wrong and the D.A. wanted me to push this matter on J.D. because he was hated, and that everything were out of my control.

In accordance with C.Cr.p. Louisiana Art. 930.3 "Grounds" which provides that if petitioner is in custody after sentence for conviction for an offense relief shall be granted only on the following grounds: (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana. Through the wrongful acts of prosecutorial misconduct, improper conduct.

- Conclusion and Prayer -

Wherefore, petitioner Thompson and his supportive family through prayer are respectfully requesting this honorable court to grant this motion to order remedy relief action for factual innocence as to all charges held wrongfully against him and order an contradictory hearing with the District Attorney to remedy the injustice caused to him by allowing a wrongful conviction supported by constitutionally inadequate evidence to stand and provide guidance on Mr. J.D. Thompson's U.S. Constitutional Rights the equal protection of due process, the convictions should then be reversed and a judgment of acquittal entered.

[3]

Respectfully Submitted

Mr. J.D. Thompson 3rd

MR. J.D. THompson III 106841

ELAyn Hunt CorrectionAl Center

P.O. Box 174

St. GAbriel, LouisiAnA

70776

THis 17th DAy of JAnuAry 2022

W.C.

CERTIFICATE OF SERVICE

I, J.D. THompson III, Swear under The penAlty of perjury, under U.S.C. §1746 And The Laws of The State of Louisiana, The foregoing document is true And correct to The best of My Knowledge And The originAl of THe sAme wAs plAced In THe prison postAl service on THe 17th Day of JanuAry 2022, postage prepAid And AddRessed to The clerk of court for The united states District Court, EAstern District of Louisiana, 500 poydrAs St, New Orleans, Louisiana, 70130

J.D. Thompson 3rd

J.D. THompson III

P.O. Box 174

St. GAbriel, LouisiAnA

70776

[4]



MR. J.D. Thompson III #106841
ELAYN HUNT CORRECTIONAL CENTER
P.O. Box 174
St. GABRIEL, LOUISIANA
70776

— LEGAL MAIL —

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS ST
NEW ORLEANS, LOUISIANA
70130

