## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**J.D. THOMPSON, III**                                                     **CIVIL ACTION**

**VERSUS**                                                                      **NO. 17-11674**

**TIM HOOPER, WARDEN**                                            **SECTION "G"(2)**


## <u>ORDER AND REASONS</u>

Before the Court are Petitioner J.D. Thompson, III's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate assigned to the case.[1] Also pending before the Court is a "Motion to Order Respondents to Comply"[2] and a "Motion of Notice of Filing Application for Writ of Mandamus to First Circuit Court of Appeal, State of Louisiana."[3] Petitioner, a state prisoner incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting numerous grounds for relief.[4] The Magistrate Judge recommended that Petitioner's claims be dismissed with prejudice.[5] Petitioner objects to the Magistrate Judge's recommendation.[6] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's

---

[1] Rec. Docs. 29, 30, 33.

[2] Rec. Doc. 34.

[3] Rec. Doc. 35.

[4] Rec. Doc. 1.

[5] Rec. Doc. 28.

[6] Rec. Docs. 29, 30, 33.

objections, adopts the Magistrate Judge's recommendation, dismisses this action with prejudice, and dismisses the pending motions as moot.

## I. Background

### A.    *Factual Background*

On January 21, 2014, Petitioner was charged by Bill of Information filed in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, with one count of aggravated incest and two counts of sexual battery.[7] On April 2, 2015, Petitioner was convicted by a jury of aggravated incest, attempted sexual battery, and sexual battery.[8] On June 23, 2015, Petitioner was sentenced to a term fifty years imprisonment without the benefit of probation, parole, or suspension of sentence on the aggravated incest conviction; twenty-five years imprisonment on the attempted sexual battery conviction; and ten years imprisonment without the benefit of probation, parole, or suspension of sentence on the sexual battery conviction.[9] The sentences were ordered to run concurrently.[10] On April 15, 2016, the Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[11] The Louisiana Supreme Court then denied Petitioner's related writ application on April 13, 2017.[12]

On November 1, 2017, Petitioner filed a federal habeas corpus application in this Court raising the following claims: (1) his prosecution for aggravated incest and sexual battery violated the prohibition against double jeopardy; (2) there was insufficient evidence to support the

---

[7] State Rec., Vol. I of IV, Bill of Information (Jan. 21, 2014).

[8] State Rec., Vol. I of IV, Verdict Form (Apr. 2, 2015).

[9] State Rec., Vol. III of IV, Sentencing Transcript (Jun. 30, 2015).

[10] *Id.*

[11] *State v. Thompson*, 2015-KA-1518, 2016 WL 1535160 (La. App. 1 Cir. Apr. 15, 2016).

[12] *State v. Thompson*, 216 So. 3d 793 (La. 2017).

conviction for attempted sexual battery; and (3) his right to present a defense was violated when the trial court refused to allow Shirley Marie Warren to testify concerning threats allegedly made by the victim to accuse three other individuals of sexual assault.[13] On December 11, 2017, Petitioner filed a motion requesting that the federal proceedings be stayed while he pursued an ineffective assistance of counsel claim in the state courts on collateral review.[14] On December 13, 2017, the motion was granted and the case was stayed and administratively closed.[15]

On January 8, 2020, this matter was reopened at Petitioner's request, the stay was lifted, and he was permitted to amend his federal application to include the ineffective assistance of counsel claim.[16] The State filed responses addressing both the original three claims and the newly added fourth claim.[17]

### B.   *Report and Recommendation Findings*

The Magistrate Judge recommended that the petition be dismissed with prejudice.[18] First, the Magistrate Judge addressed Petitioner's double jeopardy claim.[19] Specifically, Petitioner argued that his prosecution for aggravated incest and sexual battery violate the prohibition against double jeopardy because multiple punishments were imposed for essentially the same offense.[20]

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 7.

[15] Rec. Doc. 8.

[16] Rec. Doc. 26.

[17] Rec. Docs. 14, 25. Petitioner filed a reply to the State's response addressing the original three claims. Rec. Doc. 16. Although he was given an opportunity to file an additional reply to the State's supplemental response, no additional reply was filed.

[18] Rec. Doc. 28.

[19] *Id.* at 6–10.

[20] *Id.* at 9.

The Magistrate Judge noted that it was immaterial for double jeopardy purposes that the two offenses arose from the same course of conduct, so long as the offenses were in fact distinct.[21] The Magistrate Judge found that Petitioner is not entitled to relief on this claim because aggravated incest and sexual battery are distinct offenses under Louisiana law, with each including at least one element missing from the other.[22]

Second, the Magistrate Judge addressed Petitioner's claim that there was insufficient evidence to support his conviction of attempted sexual battery.[23] The Magistrate Judge noted that Petitioner's guilt was established through the victim's testimony.[24] Additionally, the Magistrate Judge noted that Petitioner's claim that the testimony was insufficient to show a *completed* sexual battery, is immaterial because Petitioner was convicted of *attempted* sexual battery.[25] To the extent Petitioner argued that the victim lied, the Magistrate Judge noted that federal habeas relief generally cannot grant relief on an insufficient evidence claim premised on credibility issues.[26] Therefore, the Magistrate Judge recommended that this Court dismiss the sufficiency of the evidence claim.[27]

Third, the Magistrate Judge addressed Petitioner's claim that his right to present a defense was violated by the trial court's refusal to allow Shirley Marie Warren to testify concerning threats

---

[21] *Id.* at 9 (citing *United States v. Morgan*, 437 F. App'x 354, 355–56 (5th Cir. 2011); *Johnson v. Terrell*, No. 95-30339, 1995 WL 581839 at *1 (5th Cir. Sept. 6, 1995)).

[22] *Id.*

[23] *Id.* at 10–15.

[24] *Id.* at 14.

[25] *Id.* at 15.

[26] *Id.*

[27] *Id.*

allegedly made by the victim to accuse three other individuals of sexual assault.[28] The trial court excluded this evidence finding that its probative value was substantially outweighed by its prejudicial effect, and the Louisiana appellate courts affirmed this decision.[29] Considering the leeway Petitioner was afforded at trial to present other evidence regarding the victim's reputation for a lack of credibility, the Magistrate Judge concluded that the state courts' denial of relief was neither "contrary to" nor an "unreasonable application" of clearly established federal law.[30]

Finally, the Magistrate Judge addressed Petitioner's ineffective assistance of counsel claim.[31] The Magistrate Judge found that the claim was not properly exhausted in state court, and that federal review of this claim is procedurally barred.[32] Additionally, the Magistrate Judge determined that Petitioner did not establish either (1) that "cause" exists for his default and "prejudice" would result from the application of the procedural bar or (2) that the Court's failure to address the claim would result in a "fundamental miscarriage of justice."[33] While Petitioner claimed that he was actually innocent of the crimes, the Magistrate Judge noted that Petitioner presented nothing more than his own allegations to support such a claim.[34] Therefore, the Magistrate Judge concluded that Petitioner had not made a colorable showing of actual innocence.[35]

---

[28] *Id.* at 15–20.

[29] *Id.* at 18.

[30] *Id.* at 20.

[31] *Id.* at 20–27.

[32] *Id.* at 21–22.

[33] *Id.* at 23–24.

[34] *Id.* at 24.

[35] *Id.* at 27.

## II. Objections

### A.       *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[36] Petitioner objects to the Magistrate Judge's finding that there was sufficient evidence to support the convictions.[37] Petitioner contends that State failed to establish both that a crime was committed and that Petitioner committed the crime.[38] Petitioner also argues that his counsel was ineffective for failing to present evidence to the jury showing Petitioner's whereabouts for all of 2011.[39]

Petitioner also contends that he is innocent of the crimes.[40] As purported proof of his innocence, Petitioner included a signed and notarized affidavit of the victim, T.M.[41] The April 26, 2021 affidavit states:

> I [T.M.] want to just let you know that it was a very misunderstanding on the behalf with I and my paw-paw J.D. so what every it is that you all can do sat [sic] J.D. free please do so because my paw-paw J.D. did not do anything wrong and the D.A. wanted me to push this matter on J.D. because he was hated. Everything was out my control, anything needed to be done, please can we do so to set him free.[42]

---

[36] Rec. Docs. 29, 30, 33.

[37] Rec. Doc. 30-1 at 2; Rec. Doc. 33 at 2.

[38] Rec. Doc. 30-1 at 2; Rec. Doc. 33 at 2.

[39] Rec. Doc. 33 at 2.

[40] Rec. Doc. 30-1 at 2; Rec. Doc. 33 at 5.

[41] Rec. Doc. 30-1 at 2; Rec. Doc. 33 at 5.

[42] Rec. Doc. 30-3 at 1; Rec. Doc. 33 at 12.

After filing the objections, Petitioner also filed a "Motion to Order Respondents to Comply."[43] In that motion, he notifies the Court that he has also filed T.M.'s affidavit in state court.[44] Petitioner states that the District Attorney's Office has failed to respond to the affidavit or to his filings.[45] Petitioner states that the District Attorney has a duty to respond to the victim's affidavit.[46]

Petitioner also filed a "Motion of Notice of Filing Application for Writ of Mandamus to First Circuit Court of Appeal, State of Louisiana."[47] Petitioner states that he has filed a petition for writ of mandamus with the Louisiana First Circuit Court of Appeal seeking to have the appellate court order the state officials to respond to the victim's affidavit.[48]

## B.   State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections or to the pending motions.

### III. Standard of Review

## A.   Review of Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to a magistrate judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[49] A district judge must "determine *de*

---

[43] Rec. Doc. 34.

[44] *Id.* at 1.

[45] *Id.* at 2.

[46] *Id.*

[47] Rec. Doc. 35.

[48] *Id.* at 1.

[49] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

*novo* any part of the [Report and Recommendation] that has been properly objected to."[50] A district

court's review is limited to plain error for parts of the report which are not properly objected to.[51]

**B.      *Standard of Merits Review Under the AEDPA***

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

was revised "to ensure that state-court convictions are given effect to the extent possible under

law."[52] For questions of fact, federal courts must defer to a state court's findings unless they are

"based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."[53] A state court's determinations on mixed questions of law and fact or pure

issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States."[54]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court
applies a rule that contradicts the governing law set forth in the Supreme Court's
cases. A state-court decision will also be contrary to clearly established precedent
if the state court confronts a set of facts that are materially indistinguishable from
a decision of the Supreme Court and nevertheless arrives at a result different from
Supreme Court precedent. A state-court decision involves an unreasonable
application of Supreme Court precedent if the state court identifies the correct

---

[50] Fed. R. Civ. P. 72(b)(3).

[51] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[52] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[53] 28 U.S.C. § 2254(d)(2).

[54] 28 U.S.C. § 2254(d)(1).

governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[55]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[56] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[57]

However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[58] Claims that were not adjudicated on the merits by the state courts are reviewed "*de novo* without applying AEDPA-mandated deference."[59]

## IV. Law and Analysis

As an initial matter, the Court notes that Petitioner does not object to the portions of the Report and Recommendation wherein the Magistrate Judge recommended dismissal of the double jeopardy claim and the claim that Petitioner was denied the right to present a defense. Reviewing these portions of the Report and Recommendation for plain error, and finding none, the Court adopts the recommendation and dismisses those claims with prejudice. Petitioner objects to the Report and Recommendation to the extent it recommends dismissal of the sufficiency of the

---

[55] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (internal citations, quotation marks, and brackets omitted).

[56] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[57] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[58] *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[59] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (citing *Henderson*, 333 F.3d at 597).

evidence claim and the ineffective assistance of counsel claim. Accordingly, each of those claims is addressed in more detail below.

**A.     *Petitioner's Sufficiency of the Evidence Claim as to Attempted Sexual Battery***

Petitioner claims that there was insufficient evidence to convict him as to the attempted sexual battery conviction. [60] The Magistrate Judge reviewed the claim under the standard set forth by the Supreme Court in *Jackson v. Virginia*, and found the claim to be meritless.[61] Petitioner objects to the Magistrate Judge's finding that there was sufficient evidence to support the convictions.[62] Petitioner contends that State failed to establish both that a crime was committed and that Petitioner committed the crime.[63]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[64] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[65]

---

[60] Rec. Doc. 1 at 5; Rec. Doc. 5 at 8–11.

[61] Rec. Doc. 28 at 13 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)).

[62] Rec. Doc. 30-1 at 2; Rec. Doc. 33 at 2.

[63] Rec. Doc. 30-1 at 2; Rec. Doc. 33 at 2. To the extent Petitioner now may be arguing that there was insufficient evidence to support his convictions on Counts 1 and 3, such a claim was not raised in state court and has not been fully exhausted. Like the ineffective assistance of counsel claim discussed below, any such claim would be procedurally defaulted.

[64] 443 U.S. at 324.

[65] *Id.* at 318–19 (emphasis in original) (internal citations and quotations marks omitted).

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[66] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[67] The Supreme Court has recognized that "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[68]

At the time of Petitioner's conviction, Louisiana law defined sexual battery as the "intentional touching of the anus or genitals of the victim by the offender using any instrumentality or part of the body of the offender, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim" when "[t]he offender acts without the consent of the victim," or when "[t]he act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender.[69] Under Louisiana law, "a person is guilty who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose."[70]

In this case, the elements of attempted sexual battery were established by the victim's testimony. During the incident in question, the victim testified that Petitioner kissed her, fondled her breasts, exposed himself to her, and directed her to "bend over."[71] Additionally, the victim

---

[66] *Id.* at 319.

[67] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (internal citations and quotation marks omitted).

[68] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[69] *See* La. Rev. Stat. § 14:43.1(A)(1) & (2) (prior to amendment by 2015 La. Acts, No. 256, § 1).

[70] *See* La. Rev. Stat. § 14:27(C).

[71] *Thompso*n, 2016 WL 1535160, at *4.

testified that Petitioner told her "it's wasn't going to hurt."[72]  A victim's testimony alone is generally sufficient evidence to support a conviction.[73] On federal habeas review, this Court cannot judge the credibility of the witness, as credibility determinations are the exclusive province of the jury.[74] Sufficient evidence was presented for the jury to conclude that Petitioner committed an act for the purpose of and tending directly toward the accomplishing of a sexual battery, while having the specific intent to commit a crime. When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict for *attempted* sexual battery was irrational. Accordingly, the Court concludes that the state court's denial of relief on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

## B.    *Ineffective Assistance of Counsel and Procedural Default*

Petitioner claims that his trial counsel was ineffective for failing to investigate the victim's alleged history of threatening other male associates with allegations of sexual assault.[75] The Magistrate Judge recommended that Petitioner's claim of ineffective assistance of counsel be dismissed with prejudice under the procedural default rule.[76] The Magistrate Judge also found that Petitioner had not established the applicability of an exception to the procedural default rule that would allow the Court to review the claims on the merits.[77] Petitioner objects to these findings and

---

[72] *Id.* at *3.

[73] *Peters v. Whitley*, 942 F.2d 937, 941–42 (5th Cir. 1991).

[74] *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004) (citing *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993)).

[75] Rec. Doc. 23 at 8.

[76] Rec. Doc. 28 at 25–27.

[77] *Id.*

argues that the failure to consider this claim would result in a fundamental miscarriage of justice because he is innocent of the crimes.[78]

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[79] Additionally, when a petitioner has failed to exhaust state court remedies and the state court to which the petition would be required to present their claims would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review and must be dismissed.[80] In such cases, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[81]

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[82] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."[83] The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[84]

---

[78] Rec. Docs. 29, 30, 33.

[79] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[80] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

[81] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[82] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[83] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[84] *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The Magistrate Judge found that Petitioner's ineffective assistance of counsel claim is procedurally defaulted.[85] Petitioner does not object to this determination. Nevertheless, Petitioner argues that the Court should considered the procedurally defaulted claim because he contends that he is innocent of the crimes.

In assessing a claim of actual innocence, a federal habeas court begins by considering the evidence presented at trial.[86] Petitioner was convicted of aggravated incest, attempted sexual battery, and sexual battery. On direct appeal, the Louisiana First Circuit Court of Appeal summarized the evidence of that crime in this case as follows:

> On October 21, 2013, T.M. (the victim) reported to her school counselor that she had been molested by defendant, her grandfather by marriage. Several days later, T.M. spoke with Jo Beth Rickels, a forensic interviewer with the Children's Advocacy Center (CAC) for St. Tammany and Washington Parishes. In the forensic interview, T.M. described two distinct instances of inappropriate conduct involving defendant.
>
> According to T.M., the first incident occurred approximately three years before the forensic interview (approximately around October 2010), at her grandmother's trailer in Franklinton. On this occasion, T.M.'s grandmother (with whom she occasionally lived) was at work. Defendant came into a bedroom where T.M. was watching television, and he started to touch her body and kiss her. Defendant then exposed himself and asked T.M. to bend over, but she declined to do so. T.M. stated that she reported this incident to some members of her family, including her aunt, grandmother, and mother, but she was told not to tell anyone else.
>
> T.M. also described an incident that occurred in August 2013. This incident also took place at her grandmother's trailer. T.M. stated that she walked back to the trailer from a family gathering in order to bathe and use the Internet. Defendant entered the trailer's bathroom while T.M. was seated on the toilet and began a conversation about giving her money for the school fair. T.M. stood up and attempted to put on her clothes, but defendant maneuvered her against the bathroom counter and placed his finger inside her vagina. According to T.M., defendant asked to have sex with her, but she refused. Defendant eventually stopped touching T.M. when T.M.'s brother entered the trailer.

---

[85] Rec. Doc. 28 at 20–27.

[86] Rec. Doc. 30-1 at 2; Rec. Doc. 33 at 5.

T.M. testified at trial, largely confirming the information that she conveyed in her CAC interview. With respect to the first incident, T.M. stated that defendant's hands touched her breasts over her clothes, and he kissed her on the lips. She stated that his hands did not touch her anywhere else. T.M. further described that when defendant told her to bend over, he stated that it "wasn't going to hurt," and she noticed his penis was erect. In additional testimony about the incident, T.M. stated that defendant gave her money in exchange for her not telling anyone. She also testified that defendant exposed his penis to her that time, but through his pants.[87]

As purported proof of his innocence, Petitioner now presents a signed and notarized affidavit of the victim, T.M.[88] The April 26, 2021 affidavit states:

I [T.M.] want to just let you know that it was a very misunderstanding on the behalf with I and my paw-paw J.D. so what every it is that you all can do sat [sic] J.D. free please do so because my paw-paw J.D. did not do anything wrong and the D.A. wanted me to push this matter on J.D. because he was hated. Everything was out my control, anything needed to be done, please can we do so to set him free.[89]

"[A] convincing showing of actual innocence enable[s] habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims."[90] A habeas petitioner proves actual innocence by revealing "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[91] The Court must find that "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt."[92] This fact-intensive inquiry involves the federal habeas court assessing "the probative force of the newly presented

---

[87] *Thompso*n, 2016 WL 1535160, at *1–2.

[88] *Johnson v. Cain*, No. 14-543, 2015 WL 4528889, at *3 (E.D. La. July 27, 2015), *aff'd*, 667 F. App'x 474 (5th Cir. 2016).

[89] Rec. Doc. 30-3 at 1; Rec. Doc. 33 at 12.

[90] *McQuiggin*, 569 U.S. at 386.

[91] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

[92] *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

15

evidence in connection with the evidence of guilt adduced at trial."[93] Petitioner's burden is demanding, as "tenable actual-innocence gateway pleas are rare."[94]

T.N.'s recantation is certainly "new" as it was not available to Petitioner at trial. However, the actual innocence exception requires that the proffered evidence not only be new, but that it also be reliable.[95] Moreover, in assessing reliability, it is appropriate for a court to "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability" of the proffered new evidence.[96] Those factors weigh against Petitioner in this case.

Executed more than six years after trial, T.M's recanting affidavit warrants "extreme suspicion."[97] The Fifth Circuit instructs federal habeas courts to view a recanting affidavit with "extreme suspicion" when the affidavit "stands alone, uncorroborated, and unsupported."[98] T.M.'s affidavit is scant and uncorroborated. T.M. states that Petitioner did not do "anything wrong," and that the entire event was a "misunderstanding."[99] T.M. further alleges that "the D.A. wanted [her] to push this matter on [Petitioner] because he was hated."[100] This recantation, standing alone, is not sufficient to meet Petitioner's demanding burden of showing his innocence. Petitioner's

---

[93] *Schlup*, 513 U.S. at 332.

[94] *McQuiggin*, 569 U.S. at 387.

[95] *House v. Bell*, 547 U.S. 518, 537 (2006) ("[T]o be credible a gateway [actual innocence] claim requires new reliable evidence. . . ." (emphasis added)).

[96] *Schlup*, 513 U.S. at 332.

[97] *Summers v. Dretke*, 431 F.3d 861, 872 (5th Cir. 2005). *See also Olson v. United States*, 989 F.2d 229, 232 (7th Cir. 1993) (finding recantation that occurred more than four years after trial to be "dubious").

[98] *Summers*, 431 F.3d at 872.

[99] Rec. Doc. 30-3 at 1; Rec. Doc. 33 at 12.

[100] *Id.*

familial relationship with T.M. further renders her recanting affidavit inherently suspect.[101] Additionally, "[s]kepticism about the truthfulness of such testimony is particularly warranted in familial sexual abuse cases."[102]

T.M.'s credibility was thoroughly impeached by the defense at trial. The defense presented ten witnesses to testify that the victim's community reputation for "truthfulness and veracity" was "bad": two of the victim's neighbors;[103] two of the victim's sisters;[104] two of petitioner's sisters[105] and his niece;[106] and the victim's grand-uncle,[107] grand-aunt,[108] and grandmother.[109] The jury knew of T.M.'s character when it heard her testimony in 2015, yet nonetheless convicted Petitioner. The Court is unconvinced that any reasonable juror would weigh T.M.'s credibility differently today upon seeing the unsubstantiated recanting affidavit. Petitioner has not made the demanding showing needed for the Court to conclude that no reasonable juror would convict him considering

---

[101] *Fontenelle v. Narcisse*, No. 21-388, 2021 WL 5418125, at *15 (E.D. La. Sept. 28, 2021), *report and recommendation adopted*, No. 21-388, 2021 WL 5415844 (E.D. La. Nov. 19, 2021) (citing *Jones v. Taylor*, 763 F.3d 1242, 1249 (9th Cir. 2014) (recantations from family members reduce their weight and credibility); *Milton v. Secretary, Department of Corrections*, 347 F. App'x 528, 531 (11th Cir. 2009) (finding the reliability of petitioner's affidavits suspect because they were executed by friends or fellow inmates); *Moskios v. Mills*, No. 1:09-cv-00179-CL, 2015 WL 365697, at *10 (D. Or. Jan. 8, 2015) (finding affidavit of victim, who was petitioner's daughter, was less probative than most recantation testimony due to the possibility that she was pressured by petitioner or family members to recant, the long delay, and her failure to affirmatively state her father was not the abuser)).

[102] *Id.* (quoting *Emery v. Hobbs*, No. 5:06CV00293 JMM/JTR, 2010 WL 5572401, at *10 (E.D. Ark. Nov. 30, 2010)).

[103] State Rec., Vol. III of IV, Trial Transcript at p. 52, 86–87 (Apr. 1, 2015).

[104] *Id.* at 60–61, 100.

[105] *Id.* at 66, 70–71.

[106] *Id.* at 91.

[107] *Id.* at 105–06.

[108] *Id.* at 112–13.

[109] *Id.* at 120.

the recanting affidavit. Thus, the ineffective assistance of counsel claim remains procedurally barred.

Alternatively, even if the Court were to consider the ineffective assistance of counsel claim on the merits, Petitioner has not demonstrated that he is entitled to relief. The Fifth Circuit "does not consider habeas relief based on 'freestanding claims of actual innocence.'"[110] "Instead, a successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits."[111] Therefore, Petitioner would only be entitled to relief if he can show "a constitutional violation has probably resulted in the conviction of one who is actually innocent."[112] Petitioner cannot make such a showing.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his or her counsel's performance was deficient and that the deficient performance prejudiced his defense.[113] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[114] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[115] A petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by

---

[110] *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir.), *cert. denied*, 139 S. Ct. 573 (2018) (quoting *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009)).

[111] *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)).

[112] *McQuiggin*, 569 U.S. at 327 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

[113] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[114] *Id.*

[115] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

the Sixth Amendment.[116] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[117] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[118] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[119]

Petitioner claims that his trial counsel was ineffective for failing to investigate the victim's alleged history of threatening other male associates with allegations of sexual assault.[120] However, the record belies this assertion and shows that counsel did not perform ineffectively in this regard. Counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments."[121] A habeas petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome."[122]

Petitioner presents no evidence to establish that his counsel in fact failed to conduct a proper investigation. In fact, defense counsel asked the victim about these allegations, but T.M.

---

[116] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[117] *See Strickland*, 466 U.S. at 690.

[118] *Id.* at 694.

[119] *Id.*

[120] Rec. Doc. 23 at 8.

[121] *Strickland*, 466 U.S. at 691.

[122] *Spicer v. Cain*, No. 18-60791, 2021 WL 4465828, at *10 (5th Cir. Sept. 29, 2021) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

denied that she had threatened to accuse others of sexual abuse.[123] Defense counsel then attempted to call Shirley Marie Warren to testify regarding these allegations.[124] However, the trial court excluded the testimony, and the evidentiary ruling was affirmed on direct appeal.[125] The fact that this information was not presented to the jury was not the result of defense counsel's performance.[126] Additionally, Petitioner has not offered any facts that counsel could have uncovered from further investigation. Therefore, Petitioner has not shown that defense counsel's performance was deficient.[127] Accordingly, Petitioner has not demonstrated that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."[128]

## V. Conclusion

For the reasons stated above, Petitioner has not established that the state court's denial of relief on Petitioner's claims of double jeopardy, sufficiency of the evidence, or denial of the right to present a defense were contrary to, or an unreasonable application of, clearly established federal law. Additionally, Petitioner's ineffective assistance of counsel claim is procedurally barred, and Petitioner has not established either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. Alternatively, even if the Court were to address the ineffective assistance of counsel claim on the merits, Petitioner has not demonstrated that he would

---

[123] *See Thompso*n, 2016 WL 1535160, at *7.

[124] *Id.*

[125] *Id.*

[126] *See also* Rec. Doc. 28 at 15–20. Petitioner has not established that the exclusion of this evidence denied him of his right to present a defense.

[127] *See Rushing v. Butler*, 868 F.2d 800, 806 (5th Cir. 1989) (Witness's "testimony was excluded from the jury not because of any deficient conduct on the part of defense counsel, but rather because of the trial court's evidentiary ruling. As a result, we are unable to conclude that defense counsel's performance was deficient.").

[128] *McQuiggin*, 569 U.S. at 327 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

be entitled to relief on that claim. Considering that Petitioner has not established that he is entitled to federal habeas relief, the Court dismisses the "Motion to Order Respondents to Comply"[129] and a "Motion of Notice of Filing Application for Writ of Mandamus to First Circuit Court of Appeal, State of Louisiana"[130] as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that Petitioner J.D. Thompson III's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Order Respondents to Comply"[131] and a "Motion of Notice of Filing Application for Writ of Mandamus to First Circuit Court of Appeal, State of Louisiana"[132] are **DISMISSED AS MOOT.**

**NEW ORLEANS, LOUISIANA,** this  __23rd__  day of February, 2022.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[129] Rec. Doc. 34.

[130] Rec. Doc. 35.

[131] Rec. Doc. 34.

[132] Rec. Doc. 35.