
RECEIVED
8-1-2024

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

July 23, 2024

#106841
Mr. J.D. Thompson
Elayn Hunt Correctional Center
6925 Highway 74
P.O. Box 174
St. Gabriel, LA  70776

I am returning your petition, complaint or other papers for the following reason(s):

We do not accept original civil suits, except in rare exceptions not relevant to your case. We only hear appeals from final judgments of the U.S. District Courts. If the district court has issued final judgment in your case, you may file a notice of appeal in that court.

Please file this document in the court of origin.

Sincerely,

LYLE W. CAYCE, Clerk

By: *Shea E. Pertuit*
Shea E. Pertuit, Deputy Clerk
504-310-7666

Enclosure(s)

IN THE UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

OFFICE OF THE CLERK

U.S. COURT OF APPEALS RECEIVED JUL 10 2024 FIFTH CIRCUIT

MR. J.D. THOMPSON III 106841          DKT No. 14-CR8-124255

VERSUS

STATE OF LOUISIANA

Re: Motion for Leave to Supplement and Amend for a New Trial, Pursuant To: 2024 Regular Session Act No. 207, H.B. No. 230, post conviction Relief; under LA. C.CR.P. ART. 582.

MAY IT PLEASE THE COURT,

Now into court comes pro-se defendant J.D. Thompson, III, who humbly move this Honorable court to Grant the Motion for a new trial in connection with the above caption matter at issue in said court, for the following Reason(s):

An Act to Amend and Reenact Code of Criminal Procedure Article 582, Relative to post conviction Relief; to provide with Respect to time limitations for commencing a new trial once a mistrial has been declared or a defendant obtains a new trial; to specify that a new trial may be obtained through a motion for new trial, appeal, post conviction Relief, or any other mechanism provided in state or federal law; to provide that the time delays apply to all of those circumstances; to provide that if the state seeks review of the granting of the new trial, time limitations do not commence to run until the judgment granting the new trial has become final by the state exhausting all avenues of appeal and review; to provid for an effective date; and to provide for Related matters

- Be it enacted by the legislature of Louisiana:

Section 1. Code of Criminal Procedure Article 582 is hereby amended and Re-enacted to read as follows:

<< LA C.CR.P. ART. 582 >>

"ART. 582 time limitations; effect or new trial"

(A) When a defendant obtains a new trial through a motion for new trial, appeal, post conviction Relief, or any other mechanism provided in state or federal law,

(1)

or 1. when there is a mistrial, the state shall commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.

(B) If the State seeks review of the granting of the new trial, the period of limitations in this article shall not commence to run until the judgment granting the new trial has become final by the State exhausting all avenues of review in the appropriate appellate courts, including the Louisiana Supreme Court.

Section 2. This Act shall become effective upon signature by the Governor or, if not signed by the Governor, upon expiration of the time for bills to become law without signature by the Governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If vetoed by the Governor and subsequently approved by the Legislature, this Act shall become effective on the day following such approval.
Approved May 23, 2024.

— Conclusion and Prayer for Relief —

Whereby, by prohibiting the jury from hearing evidence that others had heard T.M. make threats to falsely accuse other males of sexually abusing her, the trial court impaired Mr. Thompson's constitutional right to present a defense. One judge in the split decision affirming Mr. Thompson's conviction and sentences found that the trial court correctly excluded this evidence. State v. Thompson, 15-KA-1518, p. 13. However, the other two judges on the panel found the trial court erred by excluding this evidence. Id. at pp. 15, 16. The dissenting opinion correctly points out that given that this case rest entirely upon the jury's perception of T.M.'s veracity, the error in omitting this evidence cannot be considered harmless.

There is a reasonable possibility that this excluded evidence might have contributed to the conviction, and its exclusion was not harmless beyond a reasonable doubt. Given that the State's case was based solely on the allegations of T.M., the defense theory, if properly presented, may well have been sufficient to plant reasonable doubt in the jury's mind. For these reasons, the conviction must be reversed and the case remanded for a new trial.

[2]

The duplicitous indictment and convictions in this case violate Mr. Thompson's right against double jeopardy. Alternatively, there is no evidence to support the conviction. Moreover, the trial judge erred by refusing to admit testimony of witnesses that the victim in this case had threatened to falsely accuse three other males of sexually abusing her, thereby denying Mr. Thompson's right to present a defense. Thus, this application should be granted to remedy the injustice caused to Mr. Thompson by allowing a conviction supported by duplicitous prosecution and constitutionally inadequate evidence to stand and to provide guidance on the defendant's right to present a defense. The conviction should then be reversed and a judgement of acquittal entered.

Respectfully Submitted,

J.D. Thompson 3d

Mr. J.D. Thompson III 106841
Elayn Hunt Correctional Center
P.O. Box 174
St. Gabriel, LA
70776

This 7th day of July 2024

Wc

[3]

*Step-Granddaughter*
*victim*

To Whom it May Concern

To Whom it may concern,

I Tikyah Magee want to just let you know that it was a very misunstanding on the behalf with I and my pawpaw J.D. so whatever it is that you all can do sat J.D Free. Please do so because my paw-paw J.D did not do anything wrong and the D.A wanted me to pushe this matter on J.D because he was hated. Everything was out my control, anything needed to be done, please can we do so to sot him free.

Thank you
All sorry
much.

*[signature: Tikyah Shanell Magee]*

SWORN TO AND SUBSCRIBED BEFORE ME THIS _24th_ DAY OF _April_ 20_24_

Notary Public
Caroll Magee # 71781
Deputy Clerk of Court
Washington Parish

*[signature: Caroll Magee]*
NOTARY PUBLIC