IN THE UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
OFFICE OF THE CLERK

U.S. COURT OF APPEALS
RECEIVED
JUL 10 2024
FIFTH CIRCUIT

MR. J.D. Thompson III 106841                    Dkt No. 14-CR8-124255

VERSUS

State of Louisiana

Re: Motion for Leave to Supplement and Amend for a
New Trial, Pursuant To: 2024 Regular Session Act No. 207,
H.B. No. 230, Post Conviction Relief, under La. C.Cr.P. Art. 582.

MAY IT PLEASE THE COURT:

Now into court comes pro-se defendant J.D. Thompson, III, who humbly move this Honorable Court to grant the motion for a new trial in connection with the above caption matter at issue in said court, for the following reason(s):

An Act to Amend and Reenact Code of Criminal Procedure Article 582, relative to post conviction relief; to provide with respect to time limitations for commencing a new trial once a mistrial has been declared or a defendant obtains a new trial; to specify that a new trial may be obtained through a motion for new trial, appeal, post conviction relief, or any other mechanism provided in state or federal law; to provide that the time delays apply to all of those circumstances; to provide that if the state seeks review of the granting of the new trial, time limitations do not commence to run until the judgment granting the new trial has become final by the state exhausting all avenues of appeal and review; to provide for an effective date; and to provide for related matters

– Be it enacted by the Legislature of Louisiana:

Section 1. Code of Criminal Procedure Article 582 is hereby amended and reenacted to read as follows:

<<La. C.Cr.P. Art. 582>>

"Art. 582 Time Limitations; Effect on New Trial"

(A) When a defendant obtains a new trial through a motion for new trial, appeal, post conviction relief, or any other mechanism provided in state or federal law,

OR, when there is a mistrial, the State shall commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.

(B) If the State seeks review of the granting of the new trial, the period of limitations in this article shall not commence to run until the judgment granting the new trial has become final by the State exhausting all avenues of review in the appropriate appellate courts, including the Louisiana Supreme Court.

Section 2. This Act shall become effective upon signature by the Governor or, if not signed by the Governor, upon expiration of the time for bills to become law without signature by the Governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If vetoed by the Governor and subsequently approved by the Legislature, this Act shall become effective on the day following such approval.

Approved May 23, 2024.

- Conclusion and Prayer for Relief -

Whereby, by prohibiting the jury from hearing evidence that others had heard T.M. make threats to falsely accuse other males of sexually abusing her, the trial court impaired Mr. Thompson's constitutional right to present a defense. One Judge in the split decision affirming Mr. Thompson's conviction and sentences found that the trial court correctly excluded this evidence. State v. Thompson, 15-KA-1518, p. 13. However, the other two Judges on the panel found the trial court erred by excluding this evidence. Id. at pp. 15, 16. The dissenting opinion correctly points out that given that this case rests entirely upon the jury's perception of T.M.'s veracity, the error in omitting this evidence cannot be considered harmless.

There is a reasonable possibility that this excluded evidence might have contributed to the conviction, and its exclusion was not harmless beyond a reasonable doubt. Given that the State's case was based solely on the allegations of T.M., the defense theory, if properly presented, may well have been sufficient to plant reasonable doubt in the jury's mind. For these reasons, the conviction must be reversed and the case remanded for a new trial.

[2]

The duplicitous Indictment and convictions in this case violate Mr. Thompson's Right Against Double Jeopardy. Alternatively, there is no evidence to support the conviction. Moreover, the trial judge erred by refusing to admit testimony of witnesses that the victim in this case had threatened to falsely accuse three other males of sexually abusing her, thereby denying Mr. Thompson's Right to present a defense. Thus, this application should be granted to remedy the injustice caused to Mr. Thompson by allowing a conviction supported by duplicitous prosecution and constitutionally inadequate evidence to stand and to provide guidance on the defendant's right to present a defense. The conviction should then be reversed and a judgement of acquittal entered.

Respectfully Submitted,

J.D. Thompson 3d

Mr. J.D. Thompson III 106841
Elayn Hunt Correctional Center
P.O. Box 174
St. Gabriel, LA
70776

This 7th day of July 2024

We

[3]