

# United States Court of Appeals
## for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Dec 12, 2024**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 24-30587

United States Court of Appeals
Fifth Circuit
**FILED**
November 20, 2024
Lyle W. Cayce
Clerk

J. D. Thompson, III,

*Petitioner—Appellant*,

versus

Tim Hooper, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellee*.

─────────────

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-11674

─────────────

### UNPUBLISHED ORDER

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:

  This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment.

  In this habeas corpus case filed by a state prisoner, the final judgment was entered and certificate of appealability was denied on February 23, 2022.

No. 24-30587

Therefore, the final day for filing a timely notice of appeal was March 25, 2022. Petitioner has filed two *pro se* notices of appeal. The first is dated August 31, 2024, and stamped as filed on September 5, 2024. The second is dated September 24, 2024, and stamped as filed on September 27, 2024. Because the notices of appeal are dated August 31, 2024, and September 24, 2024, neither could have been deposited in the prison's mail system within the prescribed time. *See* Fed. R. App. P. 4(c)(1) (prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing). When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of a timely notice mandates dismissal of the appeal. *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988).

Accordingly, the appeal is DISMISSED for want of jurisdiction.